Debt for rent. The plaintiff counted that John Sury leased lands to the defendant for twenty-five years; rendering and paying pro inde annuatim,durante dicto termine prefato Johan Surry, et assignatis suis, so much rent. John levied a fine of all the lands demised to the defendant to another, to whom the defendant attorned, and the other granted them to the plaintiff, to whom the defendant also attorned; and for rent arrears, the plaintiff brings this suit. The defendant pleads an assignment of the lease by deed indented, bearing date, etc. Whereupon, the plaintiff demurred. The first exception to the declaration was that the life of the lessor is not averred, and a question raised whether the rent shall continue after his death. Otherwise, it shall be intended by the declaration that the lessor is dead; and then there is no cause of action. It was objected that by the lessor's death the rent is gone. 11 E., 3; Ass., 86; H., 33; Eliz. rot., 1316. Butcher and Richman's cases in C. B., in replevin, etc. Where there was a lease for years of certain lands rendering rent, during the term to the lessor, his executors and assigns; and it was adjudged that the heir shall not have the rent. It was further urged that the reservation shall be taken more strongly against the lessor. But if the reservation had been rendering rent during the term, it should have been by construction extended to the whole term; for the rent is incident to the reversion. If two tenants in common grant 20s. rent to another, he shall have 40s., but if they had joined in a lease for years rendering rent 20s. they shall have no more. 10 E., 4, 1; 10 Rep., Clum's case. The rent shall go according to the words of the reservation strictly taken; but in 5 Rep., Mallorie'scase, the disjunctive is taken for copulative; a feoffment to have and to hold to the feoffee or his heirs is not an estate for life.
2. The lease is of the land with common of pasture for ten sheep; and he has pleaded that it is not by deed; then, if the demise be void, the reversion is so likewise. On this it was resolved that the rent issues out of land. Respecting the defendant's bar, exception was taken to the want of averment of the place where the assignment was made. It was argued that it shall be intended to have been done on the land. 21 H., 7, 23. The defendant avowed for homage. The plaintiff said he had *Page 699 
tendered homage, and no place specified. Yet it was held well, because the defendant may rejoin if the place is traversable. (1) There is a difference between a transitory *thing, when a place ought to be alleged, as in an arbitration, where the thing is local. 5 H., 4, 24. Per cur. "It is not now the way to allege the place in a rejoinder, although heretofore it was;" and there it was overruled. As to the reservation, it was argued byBridgeman for the plaintiff that the rent continues after the death of the lessor, and shall descend to the heir, if no assignment is made of the reversion. Here the assignee shall have it, as in 27 H., 8, 19; 10 E., 4, 18; Dyer, 45. Rent reserved as long as the lease continues shall be paid to the heir, although no mention be made of him in the lease. Plowd., 171, 177. The heir shall not have the rent, for it appears that it was not the intention of the lessor he should. Mallorie's case, 5 Rep., 112. When the reservation is rendering rent annually during the term, it is plain that the heir shall have the rent; then the subsequent words to the lessor and his assigns do not restrain the precedent ones, but demonstrate that the rent is to be paid.
The Judges gave briefly their opinions.
The rent shall continue; for a lease for years is a contract, and the law favors a recompense in every contract; it is natural equity and de jurecommuni; therefore, without consideration by feoffment the land only passes to the use of the feoffer. Thus, when a man makes a lease for years, without reservation, still the law reserves his attendance; it requires aquid pro quo. Dyer, 45; 5 Rep., Mallorie's case. Conformity is to be observed in constructions. 10 Rep., Dr. Leyfield's case: Words shall be taken largely in a reservation. In this case the reservation is rendering rent annually during the term; it is plain that the contract is that the rent shall continue during the term; and the intention was not that it should continue only for life. But if the reservation had been to the lessor only, it would be otherwise. Here it is reserved to the lessor andhis assigns. 14 H., 6, 26, is an express authority that the heir shall have the rent.